FRANK J. FOOTE, Appellant, *v.* WILLIAM A. GREENFIELD, Respondent.

Fourth Department, May 18, 1921.

Contracts — performance — oral agreement for lease of wagons, title to pass upon payment of certain sum — plaintiff not estopped as matter of law by failure to read letter relating to agreement handed to him by defendant — erroneous refusal of trial court to submit to jury question as to effect of agreement between parties.

Where the plaintiff leased wagons to the defendant under an oral agreement and the testimony of the parties was conflicting as to the sum which should be paid before title to the wagons should pass, the failure of the plaintiff to open and read a letter handed to him by the defendant when the wagons were inspected, it appearing that plaintiff had little time so to do, and relied on the defendant's promise that if the letter did not set forth the agreement properly, he would make it right, did not raise an estoppel, as a matter of law, binding the plaintiff by the terms of the letter, and, hence, it was error for the trial court to refuse to submit to the jury the question as to the effect of the agreement between the parties and to hold as a matter of law that the plaintiff could recover only a certain sum.

APPEAL by the plaintiff, Frank J. Foote, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Livingston on the 19th day of February, 1921, on the verdict of a jury, and also from an order entered in said clerk's office on the 9th day of February, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*George R. Graves,* for the appellant.

*Harry L. Allen,* for the respondent.

PER CURIAM:

On September 28, 1918, the plaintiff and defendant entered into an oral agreement by which the plaintiff leased to the defendant twenty dump wagons for a rental of twelve dollars and fifty cents per month for each wagon. Defendant testified

that it was agreed that when ninety-five dollars rent was paid on each wagon, the title to the wagons was to vest in him. The plaintiff denied that and testified that the agreement was that if the United States government took over the wagons, then the option to vest the title when ninety-five dollars was paid became operative, otherwise not.

On September thirtieth the plaintiff and defendant met to inspect the wagons at a place near Buffalo and at that time the defendant handed to the plaintiff a letter purporting to state the agreement entered into between the parties, and stating it as the defendant claimed it to be upon the trial. The plaintiff testified that he said at that time, " I can't stop here and read this letter," and that the defendant said, " Get the wagons loaded and get them off and if there is anything in that letter that is not according to our understanding and our agreement, we will fix it up and make it right." The plaintiff testified that he put the letter in his pocket without reading it, that when he got home three or four days later and after the wagons had been shipped, he read the letter and discovered that it did not state the agreement as he testified that it was. He then wrote to the defendant calling his attention to that fact. The defendant upon the trial testified that in a later talk with the plaintiff it was agreed that the title to the wagons should vest when ninety dollars rental had been paid on each wagon.

The trial court submitted one question to the jury and that was whether the agreement was that the title should vest when ninety dollars was paid or ninety-five dollars on each wagon. The jury found that the agreement was that the title should vest when ninety-five dollars was paid and found a verdict in favor of the plaintiff for one hundred dollars and interest. The defendant had paid one thousand eight hundred dollars on account of the rentals before the commencement of the action. The plaintiff asked to have the question submitted to the jury as to what the real contract made between the parties was. That request was denied and the plaintiff excepted.

The defendant upon this appeal attempted to justify the ruling of the trial court upon the ground that the plaintiff, by shipping the wagons after he had put the letter referred to in

his pocket, was estopped and bound by the terms of the letter. The evidence of the plaintiff was that he put the letter in his pocket without reading it, relying upon the agreement of the defendant that if there was anything in the letter not according to the agreement, the defendant would fix it and make it right. Under those circumstances there was no estoppel as a matter of law. It was error for the trial court to refuse to submit to the jury the question as to what the agreement between the parties was and to hold as a matter of law that the plaintiff could recover only one hundred dollars and interest.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide event.

All concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.